UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

DAVID R. JOHNSON; ARLENE A. QUICK,
individually, and as mother and natural guardian of
DAVID S. JOHNSON; INFINITE BARNETT;    **REPORT & RECOMMENDATION**
and NASEEM BARNETT,                    **08 CV 3673 (KAM)(LB)**

                    Plaintiffs,

  -against-

CITY OF NEW YORK;
POLICE OFFICER ALBERT ANZALONE;
POLICE OFFICER FATMIR USEINI; and
POLICE OFFICERS "JOHN DOE" whose
identities are currently unknown,

                    Defendants.
--------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiffs bring this action pursuant to 42 U.S.C. §1983, alleging that defendants violated their constitutional rights during the search of plaintiffs' residence without a warrant or consent on July 6, 2007. (See generally Amended Complaint. (Document 32.) The parties have agreed to settle the case. Plaintiffs now move for an infant compromise order.[1] (Document 44.) Judge Matsumoto has referred the matter to me for a Report and Recommendation under 28 U.S.C. §636(b). (Order dated October 14, 2010.) For the reasons that follow, it is respectfully recommended that plaintiffs' motion should be granted, and that the proposed infant compromise order should be approved with modifications.

---

[1] David R. Johnson and Arlene Quick are the parents of the infant plaintiffs David S. Johnson, Infinite Barnett, and Naseem Barnett.

**BACKGROUND**

Plaintiffs originally filed this action *pro se* on September 3, 2008. Because three of the plaintiffs were minors, the Court granted only plaintiffs David R. Johnson and Arlene Quick's motion to proceed *in forma pauperis*, as "the Second Circuit does not permit non-attorneys, even parents, to bring claims on behalf of their children without representation of counsel." (Memorandum and Order dated November 7, 2008, document 4, (citing Murphy v. Arlington Cent. School Dist. Bd. of Educ., 297 F.3d 195, 201 (2d Cir. 2002)). The Court gave Mr. Johnson and Ms. Quick thirty days to find counsel, but when they were unable to do so within that time, the Court dismissed the claims of the minor plaintiffs without prejudice. (Memorandum and Order dated March 5, 2009, document 16.)[2] On October 5, 2009, counsel filed a notice of appearance on behalf of plaintiffs. Plaintiffs moved thereafter to amend the complaint, and reasserted the minor plaintiffs' claims. (Documents 29-30.) With defendants' consent, the Court granted the plaintiffs' motion to amend on October 23, 2009. (Document 31.)

*The Proposed Infant Compromise and Court Settlement Conferences*

Plaintiffs move for the Court to approve the parties' settlement of this action and to issue an infant compromise order. (See document 44.) Plaintiff submits a proposed order, an affirmation from plaintiffs' counsel, affidavits from the parents Mr. Johnson and Ms. Quick, and an affidavit from Jennifer Schwam, the social worker who counseled the minor plaintiffs following the events underlying the complaint. (Id.) These affidavits amplify some of the claims alleged in the amended complaint, and set forth a basis for the minor plaintiffs' damages. Specifically, plaintiffs state that the officers entered the house "with guns unholstered," "pointed their guns in the line of site" of all

---

[2] The November 7, 2008 and March 5, 2009 Orders were issued by Senior Judge Nina Gershon. The case was later transferred to Judge Matsumoto on March 6, 2009. (Document 17.)

2

three minor plaintiffs, arrested their father, David R. Johnson, in their presence and "use[d] offensive expletives, including the 'n' word in their presence." (See e.g., Affidavit of Arlene Quick ¶2, attached to Plaintiffs' motion for Approval of an Infant Compromise ("Ps' Motion"), document 44, as Exhibit A.) As a result, the three children suffered from post-traumatic stress disorder and depression. (Affidavit of Jennifer Schwam, attached to Ps' Motion as Exhibit C.)

Although the parties agreed to settle the claims for a total of $20,000, the parties submitted different versions of how the settlement proceeds should be divided between the plaintiffs. The distributions detailed in plaintiffs' counsel's affirmation and the proposed infant compromise order allocate less to the parents and more to the children than is reflected in the parents' affidavits. A subsequent letter from defendants' counsel sets forth a different allocation proposal than the distributions in plaintiffs' proposed order and affidavits. (Document 45.) Defendants' letter states that plaintiff's counsel attributes the discrepancy in the various distributions of the settlement proceeds to "an oversight in [his] office."[3] (Id.)

In an attempt to resolve this issue, the Court held two telephone conferences on October 22 and 27, 2010. A new agreement regarding the allocation of the settlement proceeds was proposed. The parties, including all five plaintiffs, appeared before the Court for an infant compromise hearing on November 12, 2010. Mr. Johnson and Ms. Quick initially rejected, but then approved, the proposed settlement allocation. (Transcript of November 12, 2010 Infant Compromise Hearing ("Tr.") at 7,12, 22.) The Court then questioned the three minor plaintiffs regarding their experience during the alleged events on July 6, 2007, their subsequent counseling, as well as their understanding of the proposed settlement. (Tr. at 14-21.) All three minor plaintiffs stated that they remember the events underlying the complaint, that they saw a counselor

---

[3] The attorney who originally appeared for plaintiffs, and who first brokered the settlement between plaintiffs and defendants, has since left the firm. (See document 45.) His recollection of the proposed distribution cannot be reconciled with his clients' recollection of what they say they agreed to.

for some time, but no longer, and that they understand that the case is being settled on their behalf for a sum of money that will be held for them until they turn eighteen. (Id.)

## DISCUSSION

Where a case involves claims by an infant plaintiff, Courts in this District must review any proposed settlement, see Local Civil Rule 83.2(a), and determine "whether it is fair, whether the interests of the infant plaintiff are protected, and whether the attorneys' fees sought are reasonable," Doe v. Mattingly, No. 06 CV 5761, 2007 U.S. Dist. LEXIS 59541 (E.D.N.Y. Aug. 14, 2007). The Court should compare "the terms of the compromise with the likely rewards of litigation." Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999)(quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1078 (2d Cir. 1995)). The Court must "form an educated estimate of the complexity, expense, and likely duration of such litigation," Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010) (quoting Newman v. Stein, 464 F.2d 689, 692 (2d Cir. 1972)), and "exercise the most jealous care that no injustice be done to the infant," Southerland v. City of New York, No. CV-99-3329, 2006 U.S. Dist. LEXIS 53582, at *8 (E.D.N.Y. Aug. 2, 2006). Proposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should therefore be afforded some level of deference. Sch. for Language & Commun. Dev. v. N.Y. State Dep't of Educ., No. 02-CV-0269, 2010 U.S. Dist. LEXIS 51320 at *9 (E.D.N.Y. Apr. 7, 2010)(collecting cases).

The Court's proceedings must "conform, as nearly as may be, to the New York State statutes and rules." Local Civil Rule 83.2(a). The New York rules for infant compromise proceedings are set forth in New York Judiciary Law §474 and the New York Civil Practice Laws and Rules §§ 1205-1208, which require, among other things, an affidavit from the incompetent's

representative stating "the terms and proposed distribution of the settlement and [the representative's] approval of both." NY CPLR §1208(a)(5).

Here, affidavits submitted by the infants' representatives, David R. Johnson and Arlene Quick, pre-date the Court's conferences and thus state that Johnson and Quick will be allocated $7,333.34 jointly, with $2,000 going to each of the children. (Affidavits of Arlene Quick and David R. Johnson, attached to Ps' Motion as Exhibits A and B.) However, the final proposed infant compromise, as detailed on the record on November 12, 2010, contemplates a joint payment to Mr. Johnson and Ms. Quick of $4,333.34, and a distribution of $3,000 to each child.[4] (Tr. at 22.) The Court recommends that plaintiffs' agreement to the settlement on the record be accepted in lieu of the affidavit required by NY CPLR §1208(a)(5). See Local Civil Rule 83.2(a)(1)("[T]he court, for cause shown, may dispense with any New York State requirement."); see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd, & Carwile, P.C., 596 F.3d 84, 89 (2d Cir. 2010)("District courts have broad discretion when conducting an infant compromise hearing."). Mr. Johnson and Ms. Quick, with the assistance of counsel, stated their clear and unequivocal acceptance of the settlement agreement and the allocation of the settlement proceeds, including the settlement allocation regarding attorney's fees, on the record at the infant compromise hearing. (Tr. at 22.) The prior proposals were discussed but abandoned by the parties by the time the Court conducted the hearing.

In accepting the oral agreement, the Court finds the proposed infant compromise to be fair, reasonable and in the best interests of the three infant plaintiffs in this case. As stated in his second affirmation, plaintiffs' counsel has practiced in the civil rights area since 1995, and recognizes the risk of litigating this case any further. Settling this case now avoids a costly and protracted period of discovery, particularly because plaintiffs would need expert discovery

---

[4] Both versions set aside one-third, or $6,666.66, in attorney's fees.

regarding plaintiffs' claims for damages and municipal liability. Balancing the potential cost and plaintiffs' burden against the prospect of a substantial damage award, the proposed settlement in this case should be approved. See Allstate Ins. Co. v. Williams, 2006 U.S. Dist. LEXIS 67849 (E.D.N.Y. Sept. 21, 2006)(listing the risks of establishing liability and damages among the factors to consider in approving an infant settlement)(citing City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974)). The settlement agreement and the distribution of the settlement proceeds fairly compensate the infant plaintiffs. The infants' interests are protected, and a just balance has been reached between the parties regarding the terms of the compromise and the likely reward of this litigation.

*Attorney's Fees*

The Court must ensure that the allocation of attorney's fees from the settlement proceeds represents "suitable compensation for the attorney for his services," notwithstanding contingency agreements with a party. N.Y. Judiciary Law §474; Local Civil Rule 83.2(a)(2); see also Wagner, 596 F.3d 84 at 90 ("[A] contract between the attorney and the infant guardians providing for a contingency fee is to be considered by the judge, but it is not binding.")(citation omitted). An infant's attorney must submit contemporaneous records "from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required . . . ." Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 378 (S.D.N.Y. 2010)(quote omitted).

An appropriate attorney's fee is determined by calculating the "presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 186 (2d Cir. 2008)(quoting Hensley v.

Eckerhart, 461 U.S. 424, 433 (1983)). A reasonable rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . where the district court sits." Arbor Hill, 522 F.3d at 190; see also Blum v. Stenson, 465 U.S. 886, 896 (1984)("[T]he requested rates [must be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."); McDaniel v. County of Schenectady, 595 F.3d 411, 420 (2d Cir. 2010)(district courts should "approximate the reasonable fee that a competitive market would bear.") "[A] reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

The Court should also consider the following factors in determining the reasonable hourly rate, and in deciding whether further adjustment is required:

> "[T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation."

Id. at 184; see also McDaniel, 595 F.3d at 420 ("[A] district court should assess case-specific considerations at the *outset*, factoring them into its determination of a reasonable hourly rate for the attorneys' work.")(emphasis added).

Plaintiffs' counsel files an affirmation and attaches a "statement of account" reflecting his contemporaneous billing records. The statement documents over 32 hours of work on this case,[5] amounting to a total of $11,384.50 in fees. The hourly fees charged by Mr. Lubelsky and his

---

[5] These records include the entries of the prior attorney David Gottlieb, and do not include more than 20 additional hours spent by attorney Mark L. Lubelsky on the infant compromise proceeding. (Affirmation of Mark Lubelsky, document 49, ¶4.)

associate ($450 and $325 respectively) are high for this district. See Simmons, 575 F.3d at 175 ("[A] district court must first apply a presumption in favor of application of the forum rule."); Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 725 (E.D.N.Y. 2009)(outlining a range of reasonable hourly fees for the Eastern District of New York). However, plaintiffs' counsel seeks only a portion of the actual fees he accrued in prosecuting this case.[6] The Court therefore finds that the attorney's fees allocated here, a third of the total settlement ($6,666.66), is a reasonable attorney's fee and represents "suitable compensation" for plaintiffs' counsel's work in this action.

*Case Under Seal*

Plaintiffs' proposed infant compromise order contains a provision sealing the courtroom and the entire case file. However, plaintiffs have not made an adequate showing that this case should be sealed. See United States v. Amodeo, 71 F.3d 1044, 1050-52 (2d Cir. 1995) (indentifying the factors to consider when a party seeks to seal a document). The Court therefore recommends that the proposed infant compromise order be modified and this case should not be sealed. This recommendation is without prejudice and plaintiffs could file a new motion making the requisite showing to seal this case.

---

[6] Even at the lowest end of the hourly rate scale for partners in this District ($200), Estrella, 596 F. Supp. 2d at 725, plaintiffs' counsel's 32 hours would amount to $6,400 in fees. However, this low hourly rate would not be appropriate for plaintiffs' counsel herein, based on his experience and the resources required to prosecute the case.

## CONCLUSION

Upon review of plaintiffs' motion for infant compromise, the attached affidavits and affirmations, and the record testimony of David R. Johnson, Arlene Quick, David S. Johnson, Infinite Barnett, and Naseem Barnett, the Court respectfully recommends that the proposed infant compromise be approved.

1. That the $20,000 settlement proceeds should be allocated as follows:
    a. $4,333.34 to David R. Johnson and Arlene Quick jointly
    b. $3,000 to Infinite Barnett (infant plaintiff)
    c. $3,000 to Naseem Barnett (infant plaintiff)
    d. $3,000 to David S. Johnson (infant plaintiff)
    e. $6,666.66 to Mark L. Lubelsky, Esq. for attorney's fees.

2. The proposed order's request to have the case filed under seal should be denied without prejudice.

Accordingly, plaintiffs shall revise and file the proposed infant compromise order by December 17, 2010.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

        /S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 13, 2010
      Brooklyn, New York