UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DAVID R. JOHNSON; ARLENE A. QUICK,
individually, and as mother and
natural guardian of DAVID S. JOHNSON,
INFINITE BARNETT, and NASEEM BARNETT,

     Plaintiffs,

-against-

CITY OF NEW YORK; POLICE OFFICER
ALBERT ANZALONE; POLICE OFFICER FATMIR
USEINI; and POLICE OFFICERS "JOHN DOE"
whose identities are currently
unknown,

     Defendants.

----------------------------------------X

**NOT FOR PUBLICATION**

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION**

08-CV-3673 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

  Plaintiffs David R. Johnson and Arlene A. Quick, individually, and as mother and natural guardian of David S. Johnson, Infinite Barnett, and Naseem Barnett, brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated their constitutional rights during a July 6, 2007 warrantless search of their home. (*See generally* ECF No. 32, Amended Compl.) The parties agreed to settle the case. (*See* ECF No. 38, Ltr. Advising the Court that the Parties Have Reached a Settlement Agreement.) Because the action involved infants, plaintiffs moved for an infant compromise order. (*See* ECF No. 44, First Mot. for Approval of Infant Compromise ("First Infant Compromise Mot.").) Although the parties agreed to a total settlement sum of $20,000, the submissions of the parties made in

connection with the proposed infant compromise order reflected disagreement as to the allocation of the settlement funds. The proposed infant compromise order and plaintiffs' attorney affirmation indicated that $6,666.66 would be paid to plaintiffs' counsel for attorney's fees, $10,000.01 would be paid in equal parts to each of the infant plaintiffs, and $3,333.33 would be paid to David R. Johnson and Arlene Quick. (*See* First Infant Compromise Mot. at 5-6, 8-9.[1]) The affidavits from the parents, David R. Johnson and Arlene Quick, in turn, indicated that $6,666.66 would be paid to plaintiffs' counsel for attorney's fees, $6,000 would be paid in equal parts to each of the infant plaintiffs, and $7,333.34 would be paid to David R. Johnson and Arlene Quick, jointly. (*See* First Infant Compromise Mot. at 15, 19.) Finally, defendants filed a letter dated June 23, 2010, attaching correspondence with plaintiffs' counsel memorializing defendants' view of the terms of the settlement, indicating that each infant plaintiff would receive $6,250 from the settlement funds, for a total of $18,750, Arlene Quick would receive $1,000, and David R. Johnson would receive $250. (*See* ECF No. 45, Response in Opp'n to First Infant Compromise Mot. ("Opp'n") at 1; ECF No. 45-1, Exhibit A to Opp'n, Correspondence with David

---

[1] The infant compromise motion and the supporting affidavits were all filed as one document in the Electronic Case Filing System ("ECF") docket as ECF No. 44. (*See* First Infant Compromise Mot.) The motion and each individual affidavit was independently paginated. For ease of reference, the court refers to the page numbers assigned by ECF for the combined document, rather than the individual page numbers for each individual document.

2

Gottlieb, Esq.)  Defendants requested that the court compel plaintiffs to adhere to the original agreement regarding allocation of the settlement funds, memorialized in the correspondence with plaintiffs' counsel.  (*See* Opp'n at 2.)

On October 14, 2010, this court respectfully referred the motion for an infant compromise order to Magistrate Judge Lois Bloom for a Report and Recommendation ("Report & Recommendation").  (*See* ECF Order dated 10/14/2010.)  Given the disagreement regarding the allocation of settlement funds, Judge Bloom held two telephone status conferences with the parties on October 22 and 27, 2010.  (*See* ECF Minute Entry dated 10/22/2010; ECF No. 47, Scheduling Order dated 10/27/2010.)  On November 12, 2010, Judge Bloom held an infant compromise hearing.  (*See* ECF Minute Entry dated 11/12/2010; ECF No. 50, Transcript of Infant Compromise Hearing ("Tr.").)  During that hearing, Judge Bloom explained that a new settlement distribution had been proposed, wherein the infant plaintiffs would receive $3,000 each from the settlement funds, for a total of $9,000, David R. Johnson and Arlene Quick would receive $4,333.34 jointly, and the remaining $6,666.66 would be paid to plaintiffs' counsel for attorney's fees, provided the court found the fee to be reasonable and fair. (Tr. at 5.)  After some resistance, the parents of the infant plaintiffs agreed on the record to those terms (*see id.* at 5-12, 22), however, the transcript of the hearing does not reflect that

3

either David R. Johnson or Arlene Quick made any statements under oath.  Judge Bloom ordered plaintiffs' counsel to submit additional documentation in support of the attorney's fee allocation, and plaintiffs' counsel submitted such documentation on November 19, 2010.  (*See* ECF Order dated 11/12/2010; ECF No. 49, Attorney Affirmation.)

On December 13, 2010, Judge Bloom issued a thorough Report & Recommendation recommending that the court: (1) accept the agreement of David R. Johnson and Arlene Quick to the settlement terms and allocations made on the record at the November 12, 2010 infant compromise hearing in lieu of the affidavits required under state law; (2) grant plaintiffs' motion for an infant compromise order with modifications to reflect the new allocation of funds; and (3) deny without prejudice the request to seal the case.  (ECF No. 51, Report & Recommendation dated 12/13/2010 ("R&R") at 1, 5-6, 8-9.)

The parties received notice and a copy of Judge Bloom's Report & Recommendation electronically via the court's electronic filing system.  (*See* ECF Notice of Electronic Filing accompanying 12/13/2010 R&R.)  The Report & Recommendation notified the parties of the right to file written objections within fourteen (14) days of service of the Report & Recommendation pursuant to Federal Rule of Civil Procedure 72(b).  (*See* R&R at 10.)  The period for filing objections expired on December 27, 2010, and no

objections to the Report & Recommendation have been filed to date. (*See* ECF Docket.) On January 12, 2011, plaintiffs filed a new motion for approval of infants compromise, incorporating the modifications in Judge Bloom's Report & Recommendation and reflecting the new allocation of settlement funds. (*See* ECF No. 52, Mot. for Approval of Infants Compromise, Proposed Revised Infants Compromise Order.)

A district court reviews those portions of a Report & Recommendation to which a party has timely objected under a de novo standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1). However, where no objections to the Report & Recommendation have been filed, the district court "'need only satisfy itself that there is no clear error on the face of the record.'" *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Bloom's well-reasoned Report & Recommendation, the court finds no clear error as to the denial of the request to seal the case. Further, the court finds no clear error as to the approval of the proposed infant compromise order, with the allocation outlined in the Report & Recommendation and reflected in the revised infant compromise order, provided plaintiffs comply with the state law

5

requirements for approval of an infant compromise.  For the
reasons set forth below, however, the court modifies the Report &
Recommendation with respect to the need for affidavits from David
R. Johnson and Arlene Quick to satisfy the state law requirements
for approval of the final infant compromise order.

The Report & Recommendation correctly states that Local
Civil Rule 83.2(a) requires that the court "conform, as nearly as
may be, to the New York State statutes and rules" governing
approval of an infant compromise, and that New York law requires,
among other things, an affidavit from the representative of the
infants stating the terms of the settlement and the proposed
allocation of settlement funds, along with his or her approval of
both.  (R&R at 4-5 (*quoting* Local Civil Rule 83.2(a) and N.Y.
C.P.L.R. § 1208).)  Here, Judge Bloom noted that the affidavits
submitted prior to the November 12, 2010 infant compromise
hearing by David R. Johnson and Arlene Quick did not satisfy the
requirements under N.Y. C.P.L.R. § 1208 because the affidavits
contained a different allocation of settlement funds than what
was ultimately agreed upon by all parties on the record at the
infant compromise hearing and recommended in the Report &
Recommendation.  (R&R at 5.)  The Report & Recommendation
recommends that the court accept the agreement of David R.
Johnson and Arlene Quick on the record at the infant compromise
hearing in lieu of the affidavits required under N.Y. C.P.L.R. §

6

1208. (R&R at 5.)

      Having reviewed the transcript of the November 12, 2010 infant compromise hearing, the court agrees that David R. Johnson and Arlene Quick, the representatives of the infant plaintiffs, "stated their clear and unequivocal acceptance of the settlement agreement and the allocation of the settlement proceeds, including the settlement allocation regarding attorney's fees, on the record at the infant compromise hearing." (R&R at 5; *see* Tr. at 12, 22.) Nevertheless, the court notes that David R. Johnson and Arlene Quick did not accept the settlement and allocations under oath. (*See* Tr.) Given the initial reluctance by the plaintiffs to accept the allocation of settlement funds proposed in the Report & Recommendation (*see* Tr. at 5-12), in an excess of caution, the court will require David R. Johnson and Arlene Quick, as representatives of the infant plaintiffs David S. Johnson, Infinite Barnett, and Naseem Barnett, to submit affidavits in compliance with N.Y. C.P.L.R. § 1208, setting out the settlement terms, the distribution of settlement funds, and their agreement with both.

      Accordingly, the request to seal the case is denied without prejudice. Plaintiffs David R. Johnson and Arlene Quick are ordered to submit affidavits in accordance with this Order to comply with the requirements of N.Y. C.P.L.R. § 1208 for approval of an infant compromise by no later than February 23, 2011. The

court defers ruling on the new motion for approval of infant compromise, incorporating the revisions outlined in the Report & Recommendation, until submission by the plaintiffs of the required affidavits.

**SO ORDERED.**

Dated:     February 11, 2011
           Brooklyn, New York

                                        _____ /s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge