```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DAVID R. JOHNSON, ARLENE QUICK,
individually, and as mother and natural
guardian of DAVID S. JOHNSON, INFINITE
BARNETT and NASEEM BARNETT,                    08-cv-3673(KAM)(LB)

                         Plaintiffs,    **INFANTS' COMPROMISE**
                                        **ORDER**
      -against-

CITY OF NEW YORK, POLICE OFFICER ALBERT
ANZALONE, POLICE OFFICER FATMIR USEINI,
and POLICE OFFICERS "JOHN DOE" whose
identities are currently unknown,

                         Defendants.

----------------------------------------X
```
**MATUSMOTO, United States District Judge**:

      Upon reading the affidavit of ARLENE QUICK, as mother and natural guardian of the infant plaintiffs DAVID S. JOHNSON, INFINITE BARNETT and NASEEM BARNETT (collectively, the infant plaintiffs) sworn to on the 23rd day of February, 2011, the affidavit of DAVID R. JOHNSON, stepfather of the infant plaintiffs, sworn to on the 23rd day of February, 2011, the affirmations of Mark L. Lubelsky, Esq., attorney for the plaintiffs herein, sworn to on the 18th of June, 2010 and the 19th of November 2010, and the affidavit of Jennifer Schwam, the licensed social worker who treated the infant plaintiffs, sworn to on the 28th of May, 2010, and upon the Transcript of the November 12, 2010 hearing, and it appearing that DAVID S.

JOHNSON is an infant having been born on January 6, 2006, INFINITE BARNETT is an infant having been born on August 22, 1997 and NASEEM BARNETT is an infant having been born on August 9, 1999, and the infant plaintiffs, the plaintiffs and their attorney having appeared before the Court on the 12th day of November, 2010 and it appearing to this Court's satisfaction that the best interests of said infant plaintiffs will be served to settle and compromise the action against the defendants for a total sum of $20,000.00.

NOW, on motion of MARK L. LUBELSKY AND ASSOCIATES, attorneys for the plaintiffs, it is,

ORDERED, that the settlement in the above action in the amount of $20,000.00 be and the same is hereby approved; and it is further,

ORDERED, that the terms of this settlement and infants compromise order be confidential, that the parties and their legal counsel shall not discuss the terms herein except with their immediate family, attorneys, accountants, financial advisors or as compelled by legal process; and it is further,

ORDERED, that the mother and natural guardian ARLENE QUICK be and hereby is authorized and empowered to settle the action of the infant plaintiffs for the sum of $20,000.00 in full settlement of this action, to be paid by the defendants; and it is further,

ORDERED, that ARLENE QUICK be and hereby is authorized to enter into a compromise of the infant plaintiffs' claim herein upon the following terms:

ORDERED, that out of said sum of $20,000.00 as aforesaid, there shall be paid to MARK L. LUBELSKY AND ASSOCIATES, attorneys for the infant plaintiffs herein, the sum of $6,666.66 directly to MARK L. LUBELSKY AND ASSOCIATES as and for its legal services rendered to the infant plaintiffs; and it is further,

ORDERED, that out of said sum of $20,000.00 as aforesaid, MARK L. LUBELSKY AND ASSOCIATES, is granted leave to waive reimbursement of its disbursements in this matter; and it is further,

ORDERED, that the balance of said $20,000.00 in the sum of $13,333.34 shall be paid by the defendants as follows:

> a. To infant plaintiff DAVID S. JOHNSON, $3,000 shall be deposited in an interest bearing account paying the highest interest available, such account to be established in accordance with this Order, and to be held for the sole use and benefit of infant plaintiff DAVID S. JOHNSON. Infant plaintiff DAVID S. JOHNSON shall have access to his own account when he reaches the age of eighteen (18) years; and,

b. To infant plaintiff INFINITE BARNETT, $3,000 shall be deposited in an interest bearing account paying the highest interest available, such account to be established in accordance with this Order, and to be held for the sole use and benefit of infant plaintiff INFINITE BARNETT. Infant plaintiff INFINITE BARNETT shall have access to his own account when he reaches the age of eighteen (18) years; and,

c. To infant plaintiff NASEEM BARNETT, $3,000 shall be deposited in an interest bearing account paying the highest interest available, such account to be established in accordance with this Order, and to be held for the sole use and benefit of infant plaintiff NASEEM BARNETT. Infant plaintiff NASEEM BARNETT shall have access to his own account when he reaches the age of eighteen (18) years; and,

d. The sum $4,333.34, to DAVID R. JOHNSON and ARELEN QUICK jointly;

and it is further,

ORDERED, that for each of the aforesaid accounts established for each infant plaintiff, ARLENE QUICK, as the mother and natural guardian of infant plaintiffs DAVID S. JOHNSON, INFINITE BARNETT and NASEEM BARNETT, shall be named

custodian of the accounts jointly with an officer of TD BANK, located at 200 West 26th Street, New York, New York 10001. Said funds shall be deposited in the aforementioned bank in an account paying the highest rate of interest available. The time deposit or certificate account shall be of a duration no longer than three (3) years until renewal and shall be continuously renewed upon maturity at the highest rate of interest available for a period of no longer than three (3) years until renewal, except that the date of maturity shall not extend beyond the date when the said infant attains the age of eighteen (18) years, and when no such deposit account is available the funds shall be placed in the bank's insured money market account. <u>NO withdrawal shall be made from said account including any insured money market account except upon further order of this Court which shall be certified by the Clerk of the Court</u>; and it is further,

ORDERED, that the bank shall upon the infant's demand therefore and without further court order pay over to each infant plaintiff when he reaches the age of eighteen (18) years all monies held in his respective account upon presentation of proper proof to said bank; and it is further,

ORDERED, that conditioned upon full compliance with the terms of this Order, the said guardian be and is hereby authorized and empowered to execute and deliver a general

5

release and any other instrument necessary to effectuate the settlement herein; and it is further,

ORDERED, that the filing of a bond be dispensed with.

DATED: February 25, 2011
       BROOKLYN, NEW YORK

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    UNITED STATES DISTRICT JUDGE